**Quinton MACK, Plaintiff,**

v.

**James RACETTE, Superintendent of Camp Adirondack Correctional Facility; Art Johnson, Dietitian at Camp Adirondack Correctional Facility; and Thomas Coughlin III, Commissioner of Corrections, Defendants.**

**No. 81–CV–263.**

United States District Court,
N. D. New York.

Oct. 23, 1981.

Quinton Mack, pro se.

Robert Abrams, Atty. Gen. of New York State Dept. of Law, Albany, N. Y., for defendants.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

The above matter comes to me following a Report-Recommendation by Magistrate Edward M. Conan, duly filed on the 23rd day of March, 1981. Following ten days from the service thereof, the Clerk has sent me the entire file, including the plaintiff's objections.

One of the plaintiff's objections is that he did not realize that he should have set forth his claim "with great particularity" on the form provided him to file his complaint. The plaintiff indicates that he believed "general statements" of the "essence of [his] claim" would be sufficient. In this regard, the plaintiff made this statement of his claim: "DENIED PROPER MEDICAL ATTENTION, DUE TO ULCER AND EYES."

This objection, interposed by all too many persons in the plaintiff's situation, is plainly without merit.

■ The form used by a prisoner in filing a complaint in this Court under the Civil Rights Act, 42 U.S.C. § 1983, provides that, in stating a claim, a plaintiff must

State here as briefly as possible the *facts* of [his] case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *Use as much space as you need. Attach extra sheet if necessary.*

(emphasis supplied). Given the explicit language of this form, it is impossible for this Court to accept the plaintiff's statement that he was somehow misled or deceived with respect to the quantity of space he should have used in setting forth his claim. Hence, because the one sentence that the plaintiff sets forth expresses a conclusion, and fails entirely to specify dates, places, persons, and the actions of the defendants, the Magistrate properly recommended that the complaint be dismissed for failure to state a claim.

■ Accordingly, after careful review of all of the papers herein, including the Magistrate's Report-Recommendation, and the objections submitted thereto, this Court approves the Report-Recommendation, and concludes that the complaint should be dismissed.

It is so Ordered.